USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/2/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EBONY SON ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRISCILLA RENEA HAMILTON p/k/a MUNI LONG; SUPER GIANT RECORDS, LLC; MUNI LONG, INC.; MUNI WORLD, INC.; and WHITE ROSE GARDEN, LLC, <br><br> Defendants. | Case No. 1:25-cv-08802-ALC |
| PRISCILLA RENEA HAMILTON p/k/a MUNI LONG, <br><br> Counterclaimant, <br><br> v. <br><br> EBONY SON ENTERTAINMENT, INC., <br><br> Counter-Defendant. | |
| PRISCILLA RENEA HAMILTON p/k/a MUNI LONG, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> CHAKA ZULU and JEFF DIXON, <br><br> Third-Party Defendants. | |

**CONFIDENTIALITY AGREEMENT AND ORDER**

WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party")[1] request that this Court issue a protective order pursuant to Federal Rule of Civil

---

[1] The "Parties" to this action refers to Plaintiff Ebony Son Entertainment, Inc., Third-Party Defendants Chaka Zulu and Jeff Dixon, and Defendants Priscilla Renea Hamilton p/k/a Muni Long ("Defendant Hamilton"), Super Giant Records, LLC,  Muni Long, Inc., Muni World, Inc., and White Rose Garden, LLC (collectively, "Defendants"),

Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY STIPULATED AND AGREED that any person subject to this Stipulation and Protective Order ("Protective Order")—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.    The Following Definitions shall apply:

   a.  "Confidential Medical Information" means any and all medical records, health information, treatment records, diagnoses, prognoses, medical histories, physician reports, hospital records, mental health records, and any other documents or information relating to Defendant Hamilton's physical or mental health that are disclosed in connection with the settlement discussions in this matter.

   b.  "Receiving Party" means any party or person who receives Confidential Medical Information pursuant to this Agreement.

   c.  "Disclosing Party" means Defendant Hamilton or any person acting on her behalf who discloses Confidential Medical Information pursuant to this Agreement.

2.    This Agreement governs the disclosure, handling, and use of Confidential Medical Information provided by Defendant **Hamilton** for the sole purpose of facilitating settlement discussions between the parties in this litigation.  Confidential Medical Information disclosed pursuant to this Agreement may be disclosed only to the following individuals:

   a.  Counsel of record for the Parties and their employees, paralegals, and legal assistants who are directly assisting with this matter;

   b.  Plaintiff Ebony Son Entertainment, Inc. and Third-Party Defendants Chaka Zulu and Jeff Dixon;

   c.  Defendants Priscilla Renea Hamilton p/k/a Muni Long, Super Giant Records, LLC, Muni Long, Inc., Muni World, Inc., and White Rose Garden, LLC.

No other person or entity shall have access to the Confidential Medical Information without prior written consent of the Disclosing Party or further order of the Court.

3.    Confidential Medical Information shall be used solely for purposes of evaluating and conducting settlement discussions in this matter. Confidential Medical Information shall not be used for any other purpose, including but not limited to any collateral litigation, business

2

purpose, or personal purpose. No Receiving Party shall disclose, disseminate, or publicize Confidential Medical Information to any person or entity not authorized under this Agreement.

4.      All Receiving Parties shall maintain Confidential Medical Information in a secure manner and shall take reasonable precautions to prevent unauthorized access or disclosure. Confidential Medical Information shall not be filed with the Court except under seal, unless otherwise agreed by the parties or ordered by the Court. Any copies made of Confidential Medical Information shall be subject to the same protections as the original documents.

5.      All Confidential Medical Information produced pursuant to this Agreement shall be marked "CONFIDENTIAL—MEDICAL RECORDS—SUBJECT TO PROTECTIVE ORDER" or words to that effect.

6.      Upon the conclusion of settlement discussions, or upon the request of the Disclosing Party, all Receiving Parties shall, at the Disclosing Party's election, either return all Confidential Medical Information (including all copies) to the Disclosing Party or certify in writing that all such information has been destroyed. Notwithstanding the foregoing, counsel may retain one archival copy of all Confidential Medical Information in their confidential files solely for purposes of professional responsibility compliance, provided such copy remains subject to the terms of this Agreement.

7.      The obligations of confidentiality set forth in this Agreement shall survive the termination of settlement discussions and any resolution of this litigation, and shall remain in effect indefinitely unless otherwise agreed by the parties in writing or ordered by the Court.

8.      Any violation of this Agreement may result in sanctions, contempt, and such other remedies as the Court deems appropriate. The parties agree that monetary damages may be inadequate to remedy any breach of this Agreement, and the Disclosing Party shall be entitled to seek injunctive or other equitable relief.

9.      This Agreement may be modified only by written agreement of the parties or by order of the Court.

10.     This Agreement shall be governed by federal law and the Local Rules of the United States District Court for the Southern District of New York.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: March 2, 2026
       New York, New York

SO STIPULATED AND AGREED:

Chaka Zulu
Dated: 02/19/2026

Jeff Dixon
Dated: 02/19/2026

Ebony Son Entertainment, Inc

By: Jeff Dixon President
Dated: 02/19/2026

/s/ Aaron Wolfson

Aaron Wolfson, Esq.
Fox Rothschild LLP
101 Park Avenue
New York, NY 10178
Dated:

Priscilla Renea Hamilton
Dated:

Muni Long, Inc.

By: Priscilla Renea Hamilton
Dated:

Muni World, Inc.

By: Priscilla Renea Hamilton
Dated:

Super Giant Records, LLC

By: Priscilla Renea Hamilton
Dated:

White Rose Garden, LLC

By: Priscilla Renea Hamilton
Dated:

Brian D. Caplan
Reitler Kailas & Rosenblatt LLP
885 Third Avenue, 20th Floor
New York, NY 10020
Dated:

4

Docusign Envelope ID: 068C2482-30F6-4355-90B6-F5E43AD4B32A

SO STIPULATED AND AGREED:

_____

Chaka Zulu
Dated:

_____

Jeff Dixon
Dated:

Ebony Son Entertainment, Inc.

_____

By:
Dated:

_____

Aaron Wolfson, Esq.
Fox Rothschild LLP
101 Park Avenue
New York, NY 10178
Dated:

Priscilla Renea Hamilton
Dated: 2/15/2026

Muni Long, Inc.

By: Priscilla Renea Hamilton
Dated: 2/15/2026

Muni World, Inc.

By: Priscilla Renea Hamilton
Dated: 2/15/2026

Super Giant Records, LLC

By: Priscilla Renea Hamilton
Dated: 2/15/2026

White Rose Garden, LLC

By: Priscilla Renea Hamilton
Dated: 2/15/2026

Brian D. Caplan
Reitler Kailas & Rosenblatt LLP
885 Third Avenue, 20th Floor
New York, NY 10020
Dated:

4