## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EBONY SON ENTERTAINMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PRISCILLA RENEA HAMILTON p/k/a MUNI LONG, SUPER GIANT RECORDS, LLC, MUNI LONG, INC., MUNI WORLD, INC. and WHITE ROSE GARDEN, LLC, <br><br> Defendants. | Case No. 1:25-cv-08802-ALC-SN |
| PRISCILLA RENEA HAMILTON p/k/a MUNI LONG, <br><br> Counterclaimant, <br><br> v. <br><br> EBONY SON ENTERTAINMENT, INC., <br><br> Counter-Defendant. | |
| PRISCILLA RENEA HAMILTON p/k/a MUNI LONG, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> CHAKA ZULU and JEFF DIXON, <br><br> Third-Party Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**


**FOX ROTHSCHILD LLP**

Aaron Wolfson, Esq.
Jacob A. Zucker, Esq.
101 Park Avenue, 17th Floor
New York, NY 10178
Telephone: (212) 878-7900
awolfson@foxrothschild.com
jzucker@foxrothschild.com

*Attorneys for Plaintiff Ebony Son*
*Entertainment, Inc.*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ........................................................................................................................... 3

    A.    Legal Standard For Leave To Amend................................................................... 3

    B.    The Court Should Grant Plaintiff Leave to Amend the Complaint ........................ 4

        1.    Plaintiff Has Not Unduly Delayed in Seeking Leave to Amend its
            Complaint.................................................................................................... 4

        2.    Defendants Will Not Be Prejudiced by Plaintiff's Amended
            Complaint Because It Does Not Allege Facts New to the Litigation ......... 5

        3.    The Amendment Would Not Be Futile Because Documentary
            Evidence Demonstrates Defendants' Statements Were False and
            Damaged Plaintiff's Reputation.................................................................. 6

CONCLUSION......................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.V. by Versace, Inc. v. Gianni Versace S.p.A.*,
87 F.Supp.2d 281 (S.D.N.Y. 2000).................................................................................4

*Agerbrink v. Model Serv. LLC*,
155 F.Supp.3d 448 (S.D.N.Y. 2016)...........................................................................3, 4, 6

*Anderson News, L.L.C. v. Am. Media, Inc.*,
680 F.3d 162 (2d Cir. 2012)..........................................................................................3

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)......................................................................................................6

*Davis v. Ross*,
754 F.2d 80 (2d Cir.1985)..............................................................................................7

*Dilworth v. Goldberg*,
914 F.Supp.2d 433 (S.D.N.Y. 2012).............................................................................4

*Dougherty v. Town of North Hempstead Board of Zoning Appeals*,
282 F.3d 83 (2d Cir. 2002) *abrogated in part on other grounds by Knick v.
Township of Scott*, 588 U.S. 180 (2019) .......................................................................6

*Foman v. Davis*,
371 U.S. 178 (1962)......................................................................................................3

*Jewell v. NYP Holdings, Inc.*,
23 F. Supp. 2d 348 (S.D.N.Y. 1998)..............................................................................7

*Kforce, Inc. v. Alden Pers., Inc.*,
288 F. Supp. 2d 513 (S.D.N.Y. 2003)............................................................................7

*Kleeberg v. Eber*,
331 F.R.D. 302 (S.D.N.Y. 2019) ...................................................................................5

*McCarthy v. Dun & Bradstreet Corp.*,
482 F.3d 184 (2d Cir. 2007)..........................................................................................3

*Milanese v. Rust-Oleum Corp.*,
244 F.3d 104 (2d Cir. 2001)..........................................................................................3

*Monahan v. New York City Dept. of Corrections*,
214 F.3d 275 (2d Cir. 2000)..........................................................................................4

*Nichols v. Item Publishers*,
309 N.Y. 596 (1956) ............................................................................................................7

*Palin v. New York Times Co.*,
940 F.3d 804 (2d Cir. 2019) ..............................................................................................6

*Parker v. Columbia Pictures Industries*,
204 F.3d 326 (2d Cir. 2000) ..............................................................................................4

*Ruder & Finn Inc. v. Seaboard Surety Co.*,
422 N.E.2d 518 (1981) .......................................................................................................8

*Scott v. Chipotle Mexican Grill, Inc.*,
300 F.R.D. 193 (S.D.N.Y. 2014) .......................................................................................5

*State Teachers Retirement Board v. Fluor Corp.*,
654 F.2d 843 (2d Cir. 1981) ..............................................................................................4

*Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau*,
786 F.2d 101 (2d Cir. 1986) ..............................................................................................3

**Other Authorities**

Fed. R. Civ. P. 15 ...........................................................................................................1, 3

Fed. R. Civ. P. 15(a)(2) ..................................................................................................3, 4

*Lithium (oral route)*, Mayo Clinic (Aug. 1, 2026),
https://www.mayoclinic.org/drugs-supplements/lithium-oral-
route/description/drg-20064603 ........................................................................................2

*Prosser and Keeton on the Law of Torts* § 112 (5th ed.1984) .......................................8

This memorandum of law is submitted by Plaintiff Ebony Son Entertainment, Inc. ("Ebony Son" or "Plaintiff"), by and through its attorneys, Fox Rothschild LLP, in support of Plaintiff's motion for leave to file an Amended Complaint (the "Amended Complaint") in this action pursuant to Fed. R. Civ. P. 15. Plaintiff seeks to assert a claim for defamation based on statements made by Defendant Priscilla Renea Hamilton p/k/a Muni Long ("Long") alleging, *inter alia*, that Plaintiff sought to have Long involuntarily committed to a mental health facility, thereby preventing her from obtaining treatment for lupus, a chronic autoimmune condition. Plaintiff's motion is timely, does not prejudice Defendants, and demonstrates that the proposed Amended Complaint asserts a valid claim. Plaintiff's motion should therefore be granted.[1]

## PRELIMINARY STATEMENT

Plaintiff respectfully refers the Court to its proposed Amended Complaint for a recitation of the facts underlying its proposed additional claims. *See* Exhibits C (clean) and B (redline) to the Declaration of Aaron Wolfson, Esq. (the "Wolfson Dec.")

Plaintiff initiated this action on October 23, 2025, alleging that Long, a Grammy-winning musical artist, engaged Plaintiff to provide management services and then refused to pay Plaintiff the agreed-upon, customary commissions from engagements that Plaintiff helped secure. *See* Ex. A, also available at ECF No. 1 (the "Complaint").

Long retaliated within 24 hours. On October 24, 2025, Long's team told *Billboard*—one of the most influential outlets in the music industry—that Plaintiff conspired "to have her involuntarily committed to a mental health facility, despite medical confirmation that she was suffering from a Lupus flare-up." *See* Ex. D. Long's team added that she "hopes this underscores

---

[1] Plaintiff also relies on the Declaration of Aaron Wolfson dated August 14, 2026, and all exhibits attached thereto. Plaintiff provided Defendants with a copy of their proposed Amended Complaint on July 24, 2026. *See* Wolfson Dec. ¶¶ 2-3. On August 3, 2026, this Court granted the parties' joint letter motion seeking an extension of time and directed Plaintiff to file its motion for leave to amend the complaint by August 14, 2026. *See* ECF No. 40.

1

the importance to all those in creative fields to safeguard their personal and professional boundaries and be discerning about those they trust to represent them." *See id*. The timing and messaging reveal a single purpose: to retaliate against Plaintiff for daring to hold Long accountable for her failure to pay her managers.

Long's false accusations spread rapidly across the music industry. Within 48 hours, the story was repeated in *Complex* (October 25, 2025), *Sportskeeda* (October 26, 2025), and *Hot97* (October 26, 2025)—branding Plaintiff and its principals as unfit to represent artists. *Id*.

Long then doubled down. In her Answer and Counterclaims filed January 6, 2026, Long alleged that Plaintiff was "instrumental in causing [her] to be admitted to the Cleveland Clinic Indian River Behavioral Health Center, a mental rehabilitation institution," and that she was "forced to remain in a mental health facility instead of having her lupus condition treated." *See* Ex. E at ¶¶ 98, 101(ECF 22). A second wave of articles in *Billboard* (January 7, 2026), *iHeart* (January 8, 2026), and *Yahoo Entertainment* (January 8, 2026) repeated Long's accusations to an even wider audience. *See* Ex. F.

Long's own pleadings defeat her narrative. Long admitted that while at the Cleveland Clinic, she was "prescribed Lithium," a psychotic drug used to "treat mania" to "reduce the frequency and severity of manic episodes."[2] *See* Ex. E ¶ 100 (ECF 22). That Long was even prescribed lithium at the Cleveland Clinic is telling. Putting that aside, documentary evidence *produced by Long herself* confirms that Plaintiff had nothing to do with bringing Long to the Cleveland Clinic, and that it was in fact Long's parents and Nicole Keel, Long's then business manager, who had her hospitalized. *See* Ex. G.

---

[2] *See Lithium (oral route)*, Mayo Clinic (Aug. 1, 2026), https://www.mayoclinic.org/drugs-supplements/lithium-oral-route/description/drg-20064603 ("Lithium is used to treat mania that is part of bipolar disorder (manic-depressive illness). It is also used on a daily basis to reduce the frequency and severity of manic episodes.")

2

Tellingly, after Plaintiff sought Long's medical records, which would undoubtedly prove the falsity of Long's allegations, Defendants filed an Amended Answer and Counterclaim on July 23, 2026, which removed the allegations regarding Long's hospitalization. But the Amended Answer came too late, as Long's lies had already been broadcast to the entire music industry through at least seven major media outlets.

Eager to clear their names of these false and damaging smears, Plaintiff promptly seeks leave herein to amend its Complaint to add a defamation claim against Long.

## ARGUMENT

### A.  Legal Standard For Leave To Amend

Rule 15 provides for amended and supplemental pleadings and sets forth, in pertinent part, that "[t]he Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15 (a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded.") (internal quotations omitted); *Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986) (same). Accordingly, "[w]hen a party requests leave to amend its complaint, permission generally should be freely granted." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).

"Under this liberal standard, a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." *Agerbrink v. Model Serv. LLC*, 155 F.Supp.3d 448 (S.D.N.Y. 2016); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

In deciding whether prejudice exists, courts evaluate whether the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare

3

for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan v. New York City Dept. of Corrections*, 214 F.3d 275, 284 (2d Cir. 2000). Additionally, "[o]nly undue prejudice warrants denial of leave to amend." *Agerbrink*, 155 F. Supp. 3d at 454; *see also A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F.Supp.2d 281, 299 (S.D.N.Y. 2000) (granting leave to amend where trial date had not been set, discovery had not been completed, and claims against new defendants did "not raise factual claims unrelated to the events in [the] original … complaint"). Additionally, the fact "that an amendment will require the expenditure of additional time, effort, or money [does] not constitute 'undue prejudice.'" *Id.*

Finally, in the Second Circuit, it is well established that "[m]ere delay, … absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *see also Parker v. Columbia Pictures Industries*, 204 F.3d 326, 339 (2d Cir. 2000) ("[W]e have held repeatedly that 'mere delay' is not, of itself, sufficient to justify denial of a Rule 15(a) motion"). Moreover, simply alleging that the plaintiff could have moved to amend earlier than it did is insufficient to demonstrate undue delay. *Dilworth v. Goldberg*, 914 F.Supp.2d 433, 460 (S.D.N.Y. 2012) ("[T]he motion to amend will not be denied by reason of plaintiffs' delay in alleging facts that were previously within their knowledge.")

**B.    The Court Should Grant Plaintiff Leave to Amend the Complaint**

**1.    Plaintiff Has Not Unduly Delayed in Seeking Leave to Amend its Complaint**

Plaintiff has not unduly delayed. On August 3, 2026, this Court granted the parties' joint letter motion setting an August 14, 2026, deadline for Plaintiff to file its motion for leave to amend. This motion is in compliance with the Court's Order.

4

Further, prior to the parties' July 16, 2026, Conference before this Court, the allegations at the heart of Plaintiff's defamation claim were the subject of Defendants' own Intentional Infliction of Emotional Distress counterclaim. Defendants cannot credibly claim surprise by allegations they themselves put at issue. From the moment Long's false accusations went public, Plaintiff sought the opportunity to litigate and disprove the career-damaging lie that its principals had a client involuntarily committed to a mental institution for no reason and thereby exacerbated a life-threatening autoimmune condition.

### 2. Defendants Will Not Be Prejudiced by Plaintiff's Amended Complaint Because It Does Not Allege Facts New to the Litigation

Defendants cannot claim prejudice, because the proposed defamation claim does not assert new allegations that were not already at issue prior to Defendants' filing of its Amended Answer. Long made the defamatory statements in *Billboard* on October 24, 2025—the day after this action was filed. *See* Ex D. Those allegations were subsequently repeated and expanded in Defendants' Answer with Counterclaims, which was filed on January 14, 2026. *See* Ex. E (ECF 22). Until Defendants moved to amend their Answer with Counterclaims on July 13, 2026, both parties were litigating those allegations as part of the lawsuit.

Accordingly, Defendants will not be caused to expend significant additional resources reviewing and seeking discovery on facts they already know intimately—because those facts originated with them. When a plaintiff's proposed new claims arise out of the same facts set forth in the original complaint, "forcing plaintiffs to institute a new action against the defendant would run counter to the interests of judicial economy." *Kleeberg v. Eber*, 331 F.R.D. 302, 314-15 (S.D.N.Y. 2019) (quoting *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 199 (S.D.N.Y. 2014) (internal quotation marks and alterations omitted)).

5

**3.**    The Amendment Would Not Be Futile Because Documentary Evidence Demonstrates Defendants' Statements Were False and Damaged Plaintiff's Reputation

Plaintiff's request for leave to file the Amended Complaint is not futile and is made in good faith. To determine if a proposed pleading is futile, courts analyze whether it would withstand a motion to dismiss. *Agerbrink*, 155 F. Supp. 3d at 456. Accordingly, to demonstrate that the proposed amendments to a pleading are not futile, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Dougherty v. Town of North Hempstead Board of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) *abrogated in part on other grounds by Knick v. Township of Scott*, 588 U.S. 180, 185 (2019) (reversing district court's denial of amendment as futile because, although defendants "vigorously dispute[d]" plaintiff's version of events, "proposed amended complaint adequately set[ ] forth specific facts, which if proven, c[ould] support a finding of [defendants' liability]").

As set forth above and in the proposed Amended Complaint, Long has made demonstrably false statements that are damaging to Plaintiff's reputation, business and livelihood as music managers. To plausibly plead defamation, a plaintiff must allege: (1) a written defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or *per se* actionability. *Palin v. New York Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019). Plaintiff satisfies each element.

Long's statements to *Billboard*, one of the most influential outlets in the music business, accused Plaintiff of having "[taken] possession of the artist's phone and sought to have her involuntarily committed to a mental health facility, despite medical confirmation that she was suffering from a Lupus flare-up." *See* Ex D. The "gist or sting of the statement" is unmistakable: Plaintiff's principals, Zulu and Dixon, conspired to institutionalize Long in a mental health facility

6

for a lupus flare-up, not a mental health episode. *See Jewell v. NYP Holdings, Inc.*, 23 F. Supp. 2d 348, 366 (S.D.N.Y. 1998).

Long's statement is a blatant lie. Long spent five days at Cleveland Clinic Indian River Behavioral Health Center in March 2024. In an email dated April 30, 2024, Nicole Keel, Long's then Business Manager, describes how she and Long's parents considered executing a Power of Attorney over Long while she was in the hospital. *See* Ex G. Keel goes on to address accusations from Long that Keel attempted to enforce a conservatorship over her and explains that she discussed the Power of Attorney as an option with Long's parents when visiting their home in anticipation of Long's return from the hospital. *Id*. ("By this point you'd returned to the house [] and I was able to put my eyes on you"). Nowhere in the April 30 Email does Keel even mention Plaintiff, let alone assert that they orchestrated Long's hospitalization.

Long's false accusations attack the very core of Plaintiff's business—managing and caring for and growing the careers of musical artists. The accusation that Plaintiff mismanaged Long's musical career by having her forcibly committed to a mental institution, worsening her physical and mental health, brands Plaintiff as dangerous and untrustworthy, signaling that they cannot be trusted to manage other talented artists. Indeed, Long's team made this message explicit, stating that Long hopes "those in the creative fields" learn to "be discerning about those they trust to represent them." *See* Ex D. This is the textbook example of defamation *per se*. "[A] writing which *tends* to disparage a person in the way of his office, profession or trade" is defamatory *per se* and does not require proof of special damages. *Davis v. Ross,* 754 F.2d 80, 82 (2d Cir.1985) (emphasis in original) (*quoting Nichols v. Item Publishers,* 309 N.Y. 596, 602 (1956)). "Where a statement impugns the basic integrity or creditworthiness of a business, an action for defamation lies and injury is conclusively presumed." *Kforce, Inc. v. Alden Pers., Inc.*, 288 F.

7

Supp. 2d 513, 516-17 (S.D.N.Y. 2003) (quoting *Ruder & Finn Inc. v. Seaboard Surety Co.,* 422 N.E.2d 518, 522 (1981); (*Prosser and Keeton on the Law of Torts* § 112, at 791 (5th ed.1984) ("[I]t is actionable without proof of damage to say of a physician that he is a butcher ..., of an attorney that he is a shyster, of a school teacher that he has been guilty of improper conduct as to his pupils, of a clergyman that he is the subject of scandalous rumors, of a chauffeur that he is habitually drinking, of a merchant that his credit is bad or that he sells adulterated goods, of a public officer that he has accepted a bribe or has used his office for corrupt purposes ...since these things discredit [one] in his chosen calling.")).

Plaintiff has therefore more than satisfied its burden of setting forth a plausible claim for defamation based on documentary evidence and the facts as pled in the Amended Complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff leave to file the Amended Complaint, so that Plaintiff may pursue its claims against Long for the career-damaging lies she deliberately spread to the music industry.

Dated: August 14, 2026
New York, New York

**FOX ROTHSCHILD LLP**

By: */s/ Aaron Wolfson*
Aaron Wolfson, Esq.
Jacob A. Zucker, Esq.
101 Park Avenue, 17th Floor
New York, NY 10178
Telephone: (212) 878-7900
awolfson@foxrothschild.com
jzucker@foxrothschild.com

*Attorneys for Plaintiff Ebony Son
Entertainment, Inc.*

8