USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/8/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

**EBONY SON ENTERTAINMENT, INC.,**

**Plaintiff,**

**-against-**

**PRISCILLA RENEA HAMILTON, et al.,**

**Defendants.**
---------------------------------------------------------------X

**25-CV-08802 (ALC)(SN)**

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

Broadly speaking, this case concerns the fallout of the management agreement between Plaintiff Ebony Son Entertainment ("Plaintiff" or "Ebony Son") and the performer Priscilla Renea Hamilton ("Hamilton") and her related entities (collectively, the "Defendants"). Plaintiff sued for breach of contract, and Hamilton initially counterclaimed against Ebony Son and its two individual owners, alleging a claim for intentional infliction of emotional distress, but subsequently withdrew that claim to avoid disclosing her medical records. ECF Nos. 22, 38. In response, Ebony Son amended its complaint to add a claim against Defendants for defamation. Ebony Son alleges that Hamilton's representatives falsely stated that Ebony Son's principals "took possession of [Hamilton's] phone and sought to have her involuntarily committed to a mental health facility, despite medical confirmation that she was suffering from a Lupus flare-up." ECF No. 52, Am. Compl., ¶ 88. Allegedly to prove the falsity of that statement—that is, to prove how and why she was treated at a mental health facility—Ebony Son seeks Hamilton's medical records. ECF No. 51. Defendants have moved to quash the third-party subpoenas and seek a protective order to prevent disclosure of Hamilton's medical records. ECF No. 49. Defendants' motion is GRANTED in part.

## DISCUSSION

### I. The Subpoena

Ebony Son seeks essentially all documents related to Hamilton's treatment at the Cleveland Clinic Indian River Behavioral Health Center (the "Clinic") in March 2024. It seeks "all documents" concerning: (i) the circumstances of her admission to the Clinic; (ii) her diagnosis, evaluation, and treatment; (iii) the medical or clinical reasons for her admission to the Clinic; and (iv) Hamilton's understanding of why she was admitted to the Clinic. ECF No. 51-1.

Ebony Son argues, first, that Hamilton waived her doctor-patient privileges when she asserted her since-withdrawn counterclaim for intentional infliction of emotional distress. Once waived by that claim, it contends, the privilege cannot be reasserted. Second, it argues that Hamilton's medical records are relevant to its defamation claim. It contends that her medical records are "the best (and likely the only) contemporaneous evidence of what actually transpired during Hamilton's March 2024 hospitalization." ECF No. 51 at 3.

### II. Hamilton Has Not Waived Her Privilege

Medical records, including records of psychiatric treatment, are privileged and protected from involuntary disclosure. See Jaffee v. Redmond, 518 U.S. 1, 11 (1996). See also CPLR § 4504, 4507. "The psychotherapist privilege serves the public interest by facilitating the provision of appropriate treatment," since the "mental health of our citizenry, no less than its physical health, is a public good of transcendent importance." Jaffee, 518 U.S. at 11. While this privilege is accorded "strict protection, . . . 'like other testimonial privileges, the patient may of course waive the protection.'" Sims v. Blot, 534 F.3d 117, 131 (2d Cir. 2008) (quoting Jaffee, 518 U.S. at 15 n.14) (cleaned up). A party, thus, will waive her privilege by affirmatively relying on her mental health to support a claim or defense. See In re Grand Jury Proceedings, 219 F.3d 175, 182 (2d Cir. 2000). But "a plaintiff may withdraw or formally abandon all claims for

emotional distress in order to avoid forfeiting his psychotherapist-patient privilege," and "a party's psychotherapist-patient privilege is not overcome when his mental state is put in issue only by [] another party." Sims, 534 F.3d at 134. See also Gunn v. Milani, No. 20-cv-2681 (KMK), 2026 WL 2922215, at * 4 (S.D.N.Y. Sept. 28, 2026) (recognizing that even "where the privilege has been implicitly waived, a plaintiff may withdraw or formally abandon such claims to avoid forfeiting the privilege").

Hamilton's initial counterclaim for intentional infliction of emotional distress put her mental health at issue and, thus, would have waived her privilege. But Hamilton never released her records before she withdrew the counterclaim, and therefore her privilege was reinstated. Because there was no earlier waiver, Defendants' argument that the privilege once waived is destroyed for all purposes is unavailing.

Ebony Son, moreover, cannot waive Hamilton's privileges through its defamation claim because only a *patient* can waive her privilege by putting her mental state at issue. See Sims, 534 F.3d at 134. This is true even if, as Ebony Son contends, her medical records are "the best" evidence to prove the falsity of Hamilton's statements. ECF No. 51. Indeed, the nature of evidentiary privileges is that they will sometimes block a party from relevant discovery. There is, however, no "exception to the privilege whenever it inhibit[s] the fact-finding process." Dillenbeck v. Hess, 73 N.Y.2d 278, 280 (1989).

Accordingly, Defendants' motion to quash Plaintiff's subpoena is GRANTED.

## III. Ebony Son May Seek Only Non-Privileged Information

A court may limit discovery, "[o]n motion or on its own" if "the discovery sought . . . can be obtained from some other source that is more convenient [or] less burdensome." Fed. R. Civ. P. 26(b)(2)(C). Additionally, a court may issue a protective order "to protect a party or person

from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Plaintiff argues that its subpoena "narrowly target[s] only the records relevant to the claims and defenses at issue in this litigation." ECF 51. First, all records from a health care provider are privileged. See CPLR §§ 4504, 4507. Plaintiff's revised subpoena requests detailed information about Hamilton's stay at the Clinic, including "[a]ll documents relating to any diagnosis, evaluation, and treatment of Ms. Hamilton . . . including but not limited to any psychiatric or psychological evaluations, behavioral health assessments, treatment notes, and documents relating to any medications prescribed to or administered to Ms. Hamilton." ECF No. 51-1, ¶ 2. For the same reason that Plaintiff cannot seek this information from the Clinic, it may not seek discovery from Hamilton that would reveal her medical history.

Plaintiff may, however, seek non-medical information from Hamilton regarding the alleged defamatory statement and the circumstances surrounding her admission to the Clinic, to the extent it would not pierce her privilege. Thus, Defendants' motion for a protective order is granted insofar as it seeks information protected by the patient-doctor/psychotherapist privilege, but denied insofar as it seeks non-treatment related information from Hamilton regarding her admission.

**CONCLUSION**

Defendants' motion is GRANTED in part. Defendants' motion to quash the subpoena is GRANTED, and Plaintiff is directed to serve this order on the Clinic and instruct the Clinic to disregard the subpoena. Defendants' motion for a protective order is GRANTED in part. Plaintiff

may ask Hamilton about the circumstances of her admission to the Clinic but may not seek discovery of her medical records and treatment.

The Clerk of Court is requested to terminate the motion at ECF No. 49.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: October 8, 2026
New York, New York